IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**UNITED STATES OF AMERICA**,

Plaintiff,

v.  No. 6:19-cr-00030-P-BU

**ASHLEY LYNN ROBERTSON**,

Defendant.

## OPINION & ORDER

Defendant Ashley Lynn Robertson, an inmate confined in the Federal Correctional Institution ("FCI") in Waseca, Minnesota, has filed an Emergency Motion for Compassionate Release ("Motion") pursuant to 18 U.S.C. § 3582(c)(1)(a). ECF No. 35. Having considered the Motion, facts of this case, and applicable law, the Court hereby **DENIES** the Motion.

## BACKGROUND

On February 3, 2020, this Court sentenced Robertson to 120 months' imprisonment after pleading guilty to possession with intent to distribute five grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii). ECF No. 35. Robertson currently resides in the FCI in Waseca, Minnesota. ECF No. 43. Robertson, relying on 18 U.S.C. § 3582(c)(1)(a), seeks to reduce her sentence to time served or other relief as the Court deems proper and just. *Id*. Robertson contends that her children's primary caregiver, her mother, is no longer able to care for her children—ages 14 and 16—for an unspecified reason. *Id*. She also contends that her sister was diagnosed with cancer and needs a caregiver for her children. *Id*. Finally, Robertson asserts that she has been determined a "low" risk for recidivism and contends she is committed to getting mental health and family counseling if her release were granted. *Id*.

## LEGAL STANDARD

Before Defendant may seek compassionate release, she must first exhaust her administrative remedies with the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(a). The statute also provides that

> (A) the court . . . may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that:
>
>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>
>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) and . . . that the defendant is not a danger to the safety of any other person or the community and . . . that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*Id*. The definition of "extraordinary and compelling reasons" for sentence reduction was not determined by Congress when drafting the statute and instead relegated authority to the Sentencing Commission. *United States v. Shkambi*, 993 F.3d 386, 388 (5th Cir. 2021). According to the Guidelines, "the death or incapacitation of the caregiver of the defendant's minor child or minor children" is considered an "extraordinary and compelling reason" for a court to consider. U.S.S.G. § 1B1.13 cmt. n.1(A)–(C). Finally, even where "extraordinary and compelling reasons" are established, a motion for compassionate release is discretionary, not mandatory. *United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020).

## ANALYSIS

As required, before filing Robertson's motion for compassionate release, she exhausted her administrative remedies. ECF No 43. The warden of the Waseca Prison was contacted and denied Robertson's request for release. *Id*. Therefore, Robertson has satisfied § 3582(c)(1)(a)'s exhaustion requirement. *See United States v. Miller*, No. 2:17-cr-015, 2020 WL 2514887, at *2 (N.D. Tex. May 15, 2020) (explaining that a prisoner exhausts her administrative remedies 30

days after she files a request with the Bureau of Prisons for compassionate release).

Next, Robertson is ineligible for relief under § 3582(c)(1)(a)(ii). She is under 70 years of age and has spent less than the 30 years in prison, as required under the statute. *Id.*

As to § 3582(c)(1)(a)(i), the Court finds that the alleged inability of her mother to provide care for her children and her sister's cancer diagnosis does not represent an "extraordinary and compelling reason" under § 3582(c)(1)(a)(i). Robertson has not alleged or provided documentation regarding why her mother is unable to care for her children. No evidence of death, incapacity, or expert medical opinion has been submitted to the Court. *See* U.S.S.G. § 1B1.13 cmt. n.1(A)–(C) (stating that the death or incapacitation of the caregiver of the defendant's minor child is an extraordinary and compelling reason for courts to consider). Without more, Robertson's bare assertion that the caregiver is unable to care for the children does not satisfy Robertson's burden of demonstrating a compelling or extraordinary need for her release.

Even if this burden was met and Robertson could establish extraordinary and compelling reasons, her request for relief must be denied in consideration of § 3553(a) factors. Robertson has committed a serious offense and has only served 48 of her 120-month sentence. A reduction of Robertson's sentence would not reflect the seriousness of her conduct, promote respect for the law, provide just punishment, or afford adequate deterrence to criminal conduct. *See* § 3553(a)(2).

## CONCLUSION

For the foregoing reasons, Robertson's Motion for Compassionate Release under § 3582(c)(1)(a) is hereby **DENIED.**

**SO ORDERED** on this **16th day of February 2023.**

**MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE